# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANDRE ANTHONY, | ) |
| | ) |
|     Petitioner, | )    No. 2:18-cv-02584-TLP-tmp |
| | ) |
| v. | ) |
| | ) |
| STATE OF TENNESSEE, | ) |
| | ) |
|     Respondent. | ) |

## ORDER DIRECTING CLERK TO MODIFY DOCKET, DIRECTING RESPONDENT TO FILE RECORD AND RESPOND TO THE PETITION

On August 24, 2018, Petitioner Andre Anthony, Tennessee Department of Correction prisoner number 344668, an inmate at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee, filed a pro se petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 1.) The Clerk shall record the Respondent as TTCC Warden Rusty Washburn.[1]

It is ORDERED, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent file a response/answer to the § 2254 Petition, as amended, within twenty-eight (28) days. The answer shall address the timeliness of the § 2254 Petition. The answer shall include the complete state-court record,

---

[1] The proper respondent to a habeas petition is the petitioner's custodian, Warden Rusty Washburn. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-435 (2004). *See* Tennessee Felony Offender Information Lookup, https://apps.tn.gov/foil/search.jsp (last visited Sept. 12, 2018); *see* Tennessee Department of Correction, https://www.tn.gov/correction/sp/state-prison-list/trousdale-turner-correctional-center.html (last visited Sept. 12, 2018). The Clerk shall terminate all references to the State of Tennessee as the respondent.

organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28 U.S.C. § 2254(b)(1).

The answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses, if any, for each claim. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

It is ORDERED that the Clerk shall send a copy of the petition (ECF No. 1) and this Order to Respondent and to the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his response. The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

**SO ORDERED**, this 14th day of September, 2018.

                                                 s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE