# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| ANDRE ANTHONY, | ) |
| Petitioner, | ) |
| | ) No. 2:18-cv-02584-TLP-tmp |
| v. | ) |
| STATE OF TENNESSEE and RUSTY WASHBURN, | ) |
| Respondents. | ) |

**ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2254,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Andre Anthony[1] moved pro se under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody ("§ 2254 Petition").  (ECF No. 1.)  Petitioner moved to proceed in forma pauperis, and the Court granted the motion.  (ECF Nos. 2 & 4.)  Respondent Washburn filed the state court record and answered the petition.  (*See* ECF Nos. 9 & 10.) Petitioner did not reply, and the period for filing a reply has expired.  For the reasons stated below, the Court **DENIES** the § 2254 Petition.

## BACKGROUND

A Shelby County jury found Petitioner guilty of two counts of forgery over $500 dollars, one count of forgery over $1,000, one count of criminal attempt to commit first degree murder, and one count of especially aggravated robbery.  (ECF No. 9-1 at PageID 103.); *see State v.*

---

[1] Petitioner is currently an inmate at the Trousdale Turner Correctional Center ("TTCC") in Hartsville, Tennessee.  His Tennessee Department of Correction prisoner number is 344668.

*Anthony*, No. W2002-01377-CCA-R3-CD, 2003 WL 23100339, at *1 (Tenn. Crim. App. Dec. 30, 2003). The trial court sentenced Petitioner to imprisonment for forty-six years. *Id*. at *4. The Tennessee Court of Criminal Appeals ("TCCA") affirmed the convictions and sentences. (*See* ECF No. 9-12.) The Tennessee Supreme Court ("TSC") denied discretionary review in mid-2004. (ECF No. 9-15.) Petitioner did not petition for a writ of certiorari in the United States Supreme Court.

Petitioner sought post-conviction relief in October 2004. (ECF No. 9-16 at PageID 957–59.) After appointing counsel and holding an evidentiary hearing, the trial court denied relief. (*Id.* at PageID 997–98.) The TCCA affirmed the denial of post-conviction relief, and the TSC denied discretionary review on August 25, 2008. (ECF Nos. 9-20 & 9-23); *see Anthony v. State*, No. W2007-00532-CCA-R3-PC, 2008 WL 763783, at *3 (Tenn. Crim. App. Mar. 24, 2008).

Petitioner then applied for a dismissal or quashing of the indictment on constitutional grounds. (ECF No. 9-24 at PageID 1149–55.) The trial court denied that relief.[2] (*Id.* at PageID 1159.) On appeal, the TCCA affirmed the trial court's denial of relief on Petitioner's motion to correct an illegal sentence under Rule 36.1 of the Tennessee Rules of Criminal Procedure. (ECF No. 9-28); *see State v. Anthony*, No. W2016-02347-CCA-R3-CD, 2018 WL 1989613, at *1 (Tenn. Crim. App. Apr. 26, 2018). Respondent now argues that the Court should dismiss the § 2254 Petition because it is untimely or, alternatively, because the procedural default doctrine bars Petitioner's claims. (ECF No. 10 at PageID 1202, 1204–10.)

---

[2] The trial court characterized Petitioner's motion as a "Petition to Set Aside / Post-Conviction / 36.1." (ECF No. 9-24 at PageID 1159.)

## ANALYSIS OF PETITIONER'S CLAIM

### I.      Standard for § 2254 Petitions

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts have the authority to issue habeas corpus relief for persons in state custody. A federal court may grant habeas relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall begin to run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**II.     Analysis**

State convictions ordinarily become "final" within the meaning of § 2244(d)(1)(A) when the time expires for filing a petition for a writ of certiorari from a decision of the highest state court on direct appeal. *Pinchon v. Myers*, 615 F.3d 631, 640 (6th Cir. 2010) (citing *Lawrence v. Florida*, 549 U.S. 327, 333 (2007)); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). The TCCA issued its decision on direct appeal on December 30, 2003, and the TSC denied leave to appeal on June 1, 2004. Therefore, Petitioner's convictions became final on the last day for filing a petition for a writ of certiorari with the United States Supreme Court, on August 30, 2004. *See* Sup. Ct. R. 13; *Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009). The statute of limitations started running the following day, on August 31, 2004. (*See* ECF No. 10 at PageID 1206.)

Under 28 U.S.C. § 2244(d)(2), the limitations period was tolled when Petitioner submitted his post-conviction petition to prison authorities for mailing on October 8, 2004. *See* Tenn. Sup. Ct. R. 28, § 2(G). By then, 38 days of the one-year limitations period had passed. The TCCA affirmed the dismissal of the post-conviction petition on March 24, 2008, and the TSC denied permission to appeal on August 25, 2008. The running of the limitations period resumed the following day on August 26, 2008, and it expired 327 days later, on July 20, 2009.

Petitioner signed his § 2254 petition more than nine years later. (*See* ECF No. 1 at PageID 14–15). Even if the Court finds that Petitioner filed his petition the same day it was signed, the petition is untimely by many years.[3] *See Houston v. Lack*, 487 U.S. 266, 270–71, 276 (1988); *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). When Petitioner filed his Rule 36.1 motion in 2015, the statute of

---

[3] Because of the time-bar, the Court will not address Respondent's procedural default arguments.

limitations had already expired.  Further, Petitioner's Rule 36.1 motion did not toll the statute of limitations.  Petitioner gives no explanation for his late filing and no argument for equitable tolling.  (ECF No. 1 at PageID 14; *see* ECF No. 10 at PageID 1206.)

## CONCLUSION

Petitioner's § 2254 petition is time-barred, and he is not entitled to equitable tolling.  The Court **DISMISSES** the petition **WITH PREJUDICE**.  The Court shall enter judgment for Respondent.

## APPELLATE ISSUES

A petitioner is not absolutely entitled to appeal a district court's denial of a § 2254 petition.  *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005).  The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner.  *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts.  A petitioner may not appeal unless a circuit or district judge issues a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).

The court may issue a COA only if the petitioner made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing.  28 U.S.C. §§ 2253(c)(2) & (3).  A petitioner makes a "substantial showing" when a "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336 (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam).  Furthermore, the petitioner does not have to show that the appeal will succeed.  *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir.

2011).  But courts should not issue a COA as a matter of course.  *Bradley*, 156 F. App'x at 773 (quoting *Miller-El*, 537 U.S. at 337).

In this case, there is no question that the statute of limitations bars Petitioner's claim. Any appeal by Petitioner on the issues raised in this petition does not deserve attention.  So, the Court **DENIES** a COA.

For the same reasons, the Court **CERTIFIES** under Fed. R. App. P. 24(a) that any appeal in this matter would not be taken in good faith.  Thus, the Court **DENIES** leave to appeal in forma pauperis.[4]

**SO ORDERED**, this 19th day of November, 2020.

        s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

---

[4] If Petitioner files a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days of the date of entry of this order.  *See* Fed. R. App. P. 24(a)(5).